UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Joseph Poling**, <br><br> Plaintiff, <br><br> v. <br><br> **Waterbeds 'n' Stuff, Inc.**, an Ohio Limited Liability Company, and **Gerald Spero**, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Joseph Poling ("Plaintiff"), sues the Defendant, Waterbeds 'n' Stuff, Inc. and Gerald Spero ("Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111.01; and ORC § 4113.15 for Defendant's failure to pay Plaintiff all earned minimum wages and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. ORC § 4111.01 establishes the law regarding minimum wage within the State of Ohio.

-1-

4. ORC § 4113.15 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Southern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Franklin County, Ohio, and is a former employee of Defendant.

8. At all material times, Defendant Waterbeds 'n' Stuff, Inc. is a corporation licensed to transact business in the State of Ohio. At all material times, Defendant Waterbeds 'n' Stuff, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Franklin County, Ohio.

9. At all material times, Defendant Waterbeds 'n' Stuff, Inc. does business as "Waterbeds 'n' Stuff."

10. At all relevant times, Defendant Waterbeds 'n' Stuff, Inc. was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Waterbeds 'n' Stuff, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant in relation to the company's employees, Defendant Waterbeds 'n' Stuff, Inc. is subject to liability under the FLSA.

11. Defendant Gerald Spero is an owner of Defendant Waterbeds 'n' Stuff, Inc. and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendant Gerald Spero is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Gerald Spero is an owner of Waterbeds 'n' Stuff, Inc. At all relevant times, Gerald Spero had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Gerald Spero is subject to individual liability under the FLSA.

13. At all material times, Defendants Waterbeds 'n' Stuff, Inc. and Gerlad Spero are Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq*.

14. At all material times, Defendants Waterbeds 'n' Stuff, Inc. and Gerlad Spero are Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq*.

15. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

16. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

17. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

18. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

19. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

20. Defendants own and/or operate as Waterbeds 'n' Stuff, an enterprise located in Franklin County, Ohio.

21. Plaintiff was hired by Defendants and worked for Defendants as an hourly employee from approximately February 2020 through approximately September 2020.

22. Defendant, in its sole discretion, agreed to compensate Plaintiff at a rate of $9.50 per hour.

23. Plaintiff typically worked 40-60 hours per week for Defendant.

24. Plaintiff left his employment with Defendants in approximately September 2020. In his final pay period, Plaintiff worked approximately 20 and 30 hours for Defendants.

25. Defendants failed to compensate Plaintiff any wages whatsoever for his final pay period of work for Defendants.

26. As a result of compensating Plaintiff no wages whatsoever for his final pay period of work for Defendants, Defendants failed to compensate Plaintiff at least the applicable minimum wage for all hours worked, in violation of the FLSA, 29 U.S.C 206(a).

27. As a result of compensating Plaintiff no wages whatsoever for his final pay period of work for Defendants, Defendants failed to compensate Plaintiff at least the applicable minimum wage for all hours worked, in violation of ORC § 4111.

28. As a result of compensating Plaintiff no wages whatsoever for his final pay period of work for Defendants, Defendants failed to compensate Plaintiff all wages owed for all hours worked.

29. As a result of Defendants' willful failure to compensate Plaintiff at least the minimum wage for all hours worked, Defendants have violated 29 U.S.C. § 206(a).

30. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked in excess of 40 hours in a workweek, Defendants have violated 29 U.S.C. § 207(a).

31. As a result of Defendants' willful failure to compensate Plaintiff at least the applicable minimum wage for all hours worked, Defendants have violated ORC § 4111.

32. As a result of Defendants' willful failure to compensate Plaintiff all wages owed for all hours worked, Defendants have violated ORC § 4113.

33. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

34. Defendants have and continue to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

35. Defendants have and continue to violate the ORC § 4113 by not paying Plaintiff all wages owed for all hours worked during his regular workweeks.

36. Plaintiff is a covered employee within the meaning of the FLSA.

37. Plaintiff is a covered employee within the meaning of ORC § 4111.

38. Plaintiff is a covered employee within the meaning of ORC § 4113.

39. Plaintiff was a non-exempt employee.

40. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

41. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

42. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

43. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under §34(a) of Article II of the Ohio Constitution.

44. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendants willfully failed or refused to pay Plaintiff at least the full applicable minimum wage for all hours worked during his final pay period of work for Defendants.

47. As a result, Defendants failed to compensate Plaintiff at least the full applicable minimum wage for all hours worked.

48. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

49. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Joseph Poling, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: OHIO REVISED CODE § 4111.01
### FAILURE TO PAY MINIMUM WAGE

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. Defendants willfully failed or refused to Plaintiff any wages whatsoever for all hours worked in his final pay period of employment with Defendants.

52. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

53. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Joseph Poling, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: OHIO REVISED CODE § 4113
### FAILURE TO PAY WAGES OWED

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Defendants willfully failed or refused to Plaintiff all wages owed during his final pay period of employment with Defendants by failing to compensate him any wages whatsoever for such hours worked.

56. Defendants' practice of willfully failing to pay Plaintiffs wages for labor performed violates ORC § 4113.

57. Plaintiff is therefore entitled to compensation for the full applicable unpaid wages at an hourly rate, to be proven at trial, plus an amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Joseph Poling, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees,

costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 15th day of June, 2021.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

## **VERIFICATION**

Plaintiff, Joseph Poling, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

Joseph Poling